Mr. Justice Livingston
delivered the opinion of the Court, and after stating the facts, proceeded as follows: This is, to say the least, a very novel and extraordinary proceeding. The Marshal, probably, without any improper views,, or an intention of making use of the proceeds of the vessel and cargo, disobeys the order of the Judge, and instead of de-. positing them in the registry of the Court, keeps them under his own control, and finally distributes them among, the parties without any direction of the Court on the subject. This was a great irregularity,, but the owners of the schooner Collector and cargo have, no right at this day to complain of it. They were early apprised of the situation of their *202 property. Two of them gave an order on the Marshal for their proportion of the proceeds before any sale had taken place ; and the other, who is the present appellant, received of the Marshal his share before the sentence of reversal, which was pro4-nounced here, had been made known to the Court below. After this ratification, or sanction, on their part, of the irregular conduct of the Marshal, neither of them ought now to be permitted to seek any other redress from him. Before any distribution of the proceeds by the Marshal,, they might have applied to the Court to enforce obedience to its order, as it regarded the bringing of them into Court, and then have had their respective pretensions adjudicated by the Court itself. Not having proceeded in this manner, the District Court, if it have jurisdiction of the case, could not now, without great danger of doing -injustice, interfere in this business. Whatever notice it might have taken of the lien, which is now set up by the appellant, on a part of these proceeds beyond his moiety, if the proceeds were still in that Court, it is by no means clear, - that the Marshal ought now to be rendered liable to the appellant for them, there being nothing like satisfactory próof^ that he^had notice of such a claim when the appellant toolt from him his moiety, nor until long after he had parted with the whole of the property. Under this view of the case, the Court is of opinion, that the appellant, under the particular circumstances of this case, is not entitled, on the merits, to any relief against the Marshal. But the Court is further of *203 opinion, that the proceeding on the present petition, and that in the District Court, was coram nonjudice.
By an appeal from the sentence of a District Court to a Circuit Court, 1 the latter becomes possessed of the cause, and executes its own judgment without any intervention of the former. It is fit, therefore, tha; the proceeds of the property, if it have been converted into money, should follow the appeal into the Circuit Court, and be deposited in such bank, or other place, as it may direct, there to remain, subject to the disposition and direction of the Circuit Court. And if the property at the time of the appeal remain in specie in the Marshal’s custody, and any order or direction shall become necessary for its sale or preservation after an appeal, such order must emanate from the Circuit Court. But if a further appeal be had to the Supreme Court, the property, or its proceeds, will still continue in the Circuit Court, because the Supreme Court, in such cases, does not execute its own judgments, but sends a special mandate to the Circuit Court to award execution thereon.
The proceeds, therefore, of the Collector and cargo, at the time of filing the present petition and libel, even if the order of the District Court in relation to them, had been complied with, could not, after the appeal, be regarded as in, or under, the control of the District Court, which was, therefore, incompetent, when this petition was filed, to.make any order respecting them.
Sentence affirmed, with costs.-