19 U.S. 194
 5 L.Ed. 239
 6 Wheat. 194
 The COLLECTOR.
Wilmot, Claimant.
 March 2, 1821
 
 APPEAL from the Circuit Court of Maryland.
 The facts of this case were as follow:
 In the year 1807, the schooner Collector and cargo were libelled in the District Court of the district of Maryland, as folfeited under the act of Congress, prohibiting commercial intercourse with certain ports of St. Domingo.
 John Wilmot, the present petitioner and libellant, and the house of Tagart & Caldwell, claimed the whole property.
 Pending the proceedings in the District Court, the vessel and cargo were sold under an order to 'bring in the proceeds, subject to the future disposition thereof.' The money, notwithstanding this order, was never paid to the clerk, nor was it ever deposited by him in any Court, and the Court never afterwards made any order respecting it.
 The property was condemned in the District, and Circuit Courts, which latter decree was reversed by the Supreme Court, in the Term of February, 1809 and the property libelled ordered to be restored. The mandate of the Supreme Court was filed below, the 11th of May following. The present libel and petition was filed in the District Court, the 8th of June. 1816, when a decree passed dismissing the same, which was afterwards affirmed by the Circuit Court, from whose sentence this appeal was taken.
 The object of the present appeal was to obtain the benefit of the decree of the Supreme Court, that is, restitution of the property, according to the rights of the respective claimants; the appellant insisting on one half of the proceeds of vessel and cargo, as joint owner, and also upon a lien on the other half as ship's husband, for advances made beyond his proportion of the outfits of the voyage, as well as for expenses in defending the vessel and cargo against the information which had been filed against them, and for this purpose prayed that the Marshal might be ordered to bring in the proceeds, according to the interlocutory decree, and that the same might be restored, pursuant to the decree of the Supreme Court, preserving to the parties their respective rights, liens, &c. concluding with a general prayer for relief.
 From the petition of the appellant, the answer of the Marshal, and the proofs in the cause, it appeared, that the Marshal, although he sold the schooner and her cargo, did not, in fact, bring the money into Court. That for the moiety of the proceeds belonging to Tagart & Caldwell, an order was given by them in favour of Van Wyck & Dorsey, as early as March, 1807, in consequence of which order Van Wyck and Dorsey, who sold the property at auction, under the Marshal's directions, were permitted to retain the part belonging to Tagart & Caldwell, upon an understanding to keep it, if the vessel and cargo were acquitted, but to return it in case of a different issue. That the other moiety of the proceeds was paid on the 6th of April, 1809, which was previous to the filing of the mandate in the Court below, by the Marshal, to the present appellant, as appears by his receipt of that date, and which expresses the sum therein mentioned, to be for his one half of the net proceeds of the sale of the schooner Collector and cargo. The Marshal died, pending the proceedings, and they were revived against his executors.
 February 23d.
 Mr. Mitchell, for the appellant and claimant, (1.) stated, that this was not a motion in the Court below, for a rule against the Marshal, to lay the foundation for an attachment, but a proceeding in the nature of an original libel, to give effect to the sentence of this Court, as another Court of Admiralty, in the former cause. That the District Court has jurisdiction to sustain such a libel or petition, founded upon the sentences of foreign Courts, and a fortiori of our own, appears by numerous authorities. Penhallow v. Doane, 3 Dall. 54, 97, 118; Jennings v. Carson, 2 Cranch 21; Livingston v. McKenzie, 3 T. R. 323, note; Smart v. Wolff, 3 Ibid. 329; 2 Bro. Civ. & Adm. Law 120; 7 Ves. jr. 593; Camden v. Home, 4 T. R. 385, 395. The mandate from this Court was properly filed in the District Court, because if the proceeds were to be considered as in Court at all, they were in that Court. They remained in that Court, notwithstanding the appeal, and it was, therefore, the proper tribunal to execute the decree of restitution. According to the English practice in proceedings in rem, the thing in controversy does not follow the suit into the Court of Appeals, but remains in that where the proceeding was originally commenced. 2 Bro. Civ. & Adm. Law 405. This is also the law of our own country. Jennings v. Carson, 2 Cranch 21. The ground of complaint here is, that the proceeds have not been brought into the registry, in pursuance of the interlocutory decree of the District Court, which is the only tribunal competent to vindicate its own decrees. The Circuit Court has no original jurisdiction in Admiralty and Maritime cases, and cannot redress a violation of the orders of the District Court. The object of the present application, is not merely to compel the payment of the proceeds into Court, but to obtain payment of money out of Court, which requires the solemnity of a petition analogous to the proceedings in Chancery in a similar case. Lord Eldon would never suffer money to be paid out of Court on motion, but put the party to his petition, stating his rights, which would thus appear on the records of the Court at any distance of time; and this practice was approved and adopted by Lord Erskine. 3 Ves. jr. 393.
 (2.) The claimant insists upon his lien as part owner and ship's husband, on the voyage in which she was seised, for advances made by him, besides his absolute right in one moiety. Abb. on Ship. 114, Story's ed. It is an incontrovertible principle, that where property is taken out of the hands of a party, in invitum, and by legal process, the law will retain all his liens, and return it to him, still subject to them, as before. Wilson v. Kymer, 1 M. & S. 157, 163. It is true, that a person holding a dormant title, who stands by and witnesses a sale to another, is guilty of fraud; but if this lien be an equity raised by law, and not by the act of the parties, it requires no notice. The receipt of part out of the registry of a Court of Admiralty, is no bar or prejudice to the residue of the claim, but the party may afterwards file his libel, and have a monition for the further sum due. Bymer v. Atkyns, 1 H. Bl. 167. The Marshal has not done his duty under the interlocutory decree, directing him to bring the money into Court. We do not insist on an actual delivery to the register, in facie curice, but that the specific proceeds should be separated from all other property, so that the decree of the Court shall act upon it, without the necessity of the concurring will of the officer. The property is not to be confounded with the private funds of the officer, so that it cannot be distinguished and recovered, if he absconds; or if he dies, will be subject to a distribution of assets in the hands of his personal representative. The Princessa, and La Reine Elizabeth, 2 Rob. 31. In this case, the executor is liable, not as for a tort, but to restore funds which are not assets in his hands.
 Mr. Pinkney and Mr. Wheaton, contra, (1.) insisted, that the cases cited on the other side, of Jennings v. Carson, 2 Cranch 21, and Penhallow v. Doane, 3 Dall. 54, were proceedings to enforce the decrees of the Continental Court of Appeals, which had ceased to exist; similar in their nature to those cases in England where the prize commissions to certain Vice-Admiralty Courts had expired, and application was made to the High Court of Admiralty to carry into effect their decrees. The Picimento, 4 Rob. 360. In the cases cited, the District Court had jurisdiction, because it is a Court of Prize of the first resort, with all the powers of the English High Court of Admiralty inherent in it; and proceeding could be commenced no where else, because it is the only Court of original prize jurisdiction. But the present case is a proceeding under the judiciary act, where the Supreme Court does not execute its own decrees, but sends its mandate to the Circuit, and not to the District Court; and the Circuit Court must, therefore, execute the mandate, and distribute the proceeds of the property. The property follows the cause into the Circuit, but not into the Supreme Court.
 (2.) Here the distribution, though irregularly made by the Marshal, without the special direction of the Court, is precisely what the Court would have made upon an application. It is a rule of the Court of Admiralty to restore, or to condemn, the gross tangible property, without regard to any liens which parties other than the general owners may have upon it. So that if the Court had now to pronounce the distribution of the property, it would not enter into these minute inquires respecting the claims of the part owners against each other, but leave them to their remedy at common law or in equity. Thus, in the case of the Jefferson, 1 Rob. 325, Sir W. Scott refused to sever the share of a bankrupt partner in favour of his assignees, but restored the property in solidum, leaving the assignees to their remedy in the proper forum.
 (3.) But supposing the Court would interfere to protect the pretended lien, there is no proof of its existence; or if it ever existed, it has been waived, and the distribution made with the assent of all the parties interested. The appellant has received his moiety of the gross property. And even if it were not so, the personal representative of the deceased Marshal is not liable in this form. The regular course would be to proceed against the Marshal himself, by motion, and a rule directing him to bring the money into Court. But this proceeding could be continued against his executors. The provisions of the judiciary act relative to the revival of suits, do not apply to this proceeding, because it cannot, upon general principles of admiralty law and practice, be continued against the personal representatives of the officer. If it could be revived against them, the relation of their testator with the Court, as an officer, would cease, and it would become a common debt, subject to the ordinary course of administration.
 March 2d.
 Mr. Justice LIVINGSTON delivered the opinion of the Court, and after stating the facts, proceeded as follows:
 
 
 1
 This is, to say the least, a very novel and extraordinary proceeding. The Marshal, probably, without any improper views, or an intention of making use of the proceeds of the vessel and cargo, disobeys the order of the Judge, and instead of depositing them in the registry of the Court, keeps them under his own control, and finally distributes them among the parties without any direction of the Court on the subject. This was a great irregularity, but the owners of the schooner Collector and cargo have no right at this day to complain of it. They were early apprised of the situation of their property. Two of them gave an order on the Marshal for their proportion of the proceeds before any sale had taken place; and the other, who is the present appellant, received of the Marshal his share before the sentence of reversal, which was pronounced here, had been made known to the Court below. After this ratification, or sanction, on their part, of the irregular conduct of the Marshal, neither of them ought now to be permitted to seek any other redress from him. Before any distribution of the proceeds by the Marshal, they might have applied to the Court to enforce obedience to its order, as it regarded the bringing of them into Court, and then have had their respective pretensions adjudicated by the Court itself. Not having proceeded in this manner, the District Court, if it have jurisdiction of the case, could not now, without great danger of doing injustice, interfere in this business. Whatever notice it might have taken of the lien, which is now set up by the appellant, on a part of these proceeds beyond his moiety, if the proceeds were still in that Court, it is by no means clear, that the Marshal ought now to be rendered liable to the appellant for them, there being nothing like satisfactory proof, that he had notice of such a claim when the appellant took from him his moiety, nor until long after he had parted with the whole of the property. Under this view of the case, the Court is of opinion, that the appellant, under the particular circumstances of this case, is not entitled, on the merits, to any relief against the Marshal. But the Court is further of opinion, that the proceeding on the present petition, and that in the District Court, was coram non judice.
 
 
 2
 By an appeal from the sentence of a District Court to a Circuit Court, the latter becomes possessed of the cause, and executes its own judgment without any intervention of the former. It is fit, therefore, that the proceeds of the property, if it have been converted into money, should follow the appeal into the Circuit Court, and be deposited in such bank, or other place, as it may direct, there to remain, subject to the disposition and direction of the Circuit Court. And if the property at the time of the appeal remain in specie in the Marshal's custody, and any order or direction shall become necessary for its sale or preservation after an appeal, such order must emanate from the Circuit Court. But if a further appeal be had to the Supreme Court, the property, or its proceeds, will still continue in the Circuit Court, because the Supreme Court, in such cases, does not execute its own judgments, but sends a special mandate to the Circuit Court to award execution thereon.
 
 
 3
 The proceeds, therefore, of the Collector and cargo, at the time of filing the present petition and libel, even if the order of the District Court in relation to them, had been complied with, could not, after the appeal, be regarded as in, or under, the control of the District Court, which was, therefore, incompetent, when this petition was filed, to make any order respecting them.
 
 
 4
 Sentence affirmed, with costs.