### WESTERN WHEEL–SCRAPER CO. v. DRINNEN et al.

(Circuit Court, N. D. Illinois.    April 5, 1897.)

EFFECT OF APPEAL — JURISDICTION OF TRIAL COURT — AMENDMENT OF PLEAD-
    INGS—PATENTS.
    Pending an appeal from a decree restraining the infringement of a patent, the trial court has no jurisdiction to allow the answer to be amended and the case opened for further proof.    Smith v. Iron Works, 17 Sup. Ct. 407, followed.

In Equity.    On motion.    Suit by the Western Wheel-Scraper Company against one Drinnen and others to restrain the infringement of a patent.

Bond, Adams, Pickard & Jackson, for complainants.

R. C. Taylor, for defendants.

GROSSCUP, District Judge (orally).    The motion is to amend the answer, and open up the case for further proof.    The case is one arising under the patent laws of the United States, and was heard in the circuit court at a previous term (77 Fed. 194), resulting in a decree in favor of the complainants, sustaining the validity of certain claims of their patents, finding the defendants guilty of infringement, and entering the customary injunction order.    From this decree an appeal was perfected to the circuit court of appeals, where the case is now pending.    The question preliminary to all others, raised by this motion and, in the view I have taken, decisive of the motion, is:    Has the circuit court jurisdiction, during the pendency of an appeal in the circuit court of appeals, to open up the original cause upon any question relating to the merit of the decree appealed from?    Upon this question I hold that the appeal takes from the circuit court jurisdiction of the cause to the extent that the cause is bound up in the

appeal. The only questions still open in this court, pending appeal, are those that do not relate to the decree appealed from. The purpose of the motion, however, is to open up and change the decree appealed from, and therefore deals with questions in the case that are now within the sole jurisdiction of the circuit court of appeals. This ruling is sustained in Smith v. Iron Works (recently handed down by the supreme court) 17 Sup. Ct. 407, and applies to patent cases the same rules that govern chancery cases generally. The motion is overruled.