FIRST NAT. BANK OF MILES CITY v. STATE NAT. BANK OF MILES CITY.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1904.)

No. 1,016.

1. BANKRUPTCY—EFFECT OF APPEAL ON JURISDICTION OF DISTRICT COURT.

Where an appeal has been duly taken and perfected under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], from a judgment allowing or rejecting a debt, the district court is thereby deprived of jurisdiction to further consider matters involved in the appeal, and cannot entertain a motion for a rehearing so long as the appeal is pending.

Appeal from the District Court of the United States for the District trict of Montana.

In Bankruptcy. On motion to dismiss appeal.

T. J. Porter and Davis, Kellogg & Severance, for appellant.

O. F. Goddard, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY trict Judge.

HAWLEY, District Judge. This is an independent appeal in the case just disposed of. 131 Fed. 422. The facts are that on August 17, 1903, the District Court rendered its judgment in the case upon its merits; that on August 25, 1903, the First National Bank, appellant herein, took and perfected an appeal from that judgment to this court; that on September 12, 1903—18 days after said appeal was perfected— it filed a petition, with affidavits in its support, and thereon moved the court for a rehearing upon the ground of alleged newly discovered evi-

¶ 1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

dence cumulative in its character. The court denied the rehearing, and from that order the present appeal is taken.

Appellee moves to dismiss the appeal on the grounds (1) that it is not an appealable order; (2) that it was made and entered after the appeal in the case was taken; (3) that by reason of the appeal the District Court had no jurisdiction to act upon the petition for rehearing during the pendency of said appeal to this court.

It is proper to state that the record herein shows that counter petitions and affidavits were filed by the appellee in the court below, that the cause was regularly submitted to the court, and that after consideration the court made the following order:

"Wherefore it is ordered and decreed that said petition for rehearing be, and the same hereby is, denied. And thereupon exception was allowed to the court's ruling, and the First National Bank of Miles City allowed fifteen days within which to prepare, serve, and file bill of exceptions."

So far as the record shows, it appears that the court disposed of the motion for rehearing upon its merits, and it does not affirmatively appear that it erred in so doing. It was certainly largely within the sound discretion of the court, and depended upon the views that might be taken of the facts contained in the case as originally tried and as presented in the petition. But, independent of these matters, the question of practice, as adopted in this case and raised by the motion to dismiss, is one that ought to be disposed of. The overwhelming weight of authority of the state courts is that an appeal, properly perfected, absolutely removes the case from the trial court, and places it in the appellate tribunal. The case must, of necessity, either be in the appellate or lower court. It cannot very well be in both courts at the same time. Such a course would lead to endless confusion. Under all the ordinary rules of practice, the appellate court alone would have the jurisdiction. After the cause leaves the lower court, it is deprived of taking any action upon any question involved in the appeal. Many of the authorities in the state courts upon this point are collected and cited in Elliott's App. Pro. § 541. The federal authorities are substantially to the same effect.

The precise point here raised has not been discussed in the national courts, because the practice adopted by appellant in this case is virtually unknown; but it has been incidentally referred to in several decisions to the effect that the decree in the District or Circuit Courts, when an appeal has been taken therefrom, is suspended until the appeal is disposed of. This rule is frequently stated in admiralty and other causes. The Collector, Wilmot, Claimant, 6 Wheat. 194, 203, 5 L. Ed. 239; Bronson v. Railroad Co., 1 Wall. 405, 409, 17 L. Ed. 616; The Lottawanna, 20 Wall. 201, 225, 22 L. Ed. 259; The S. S. Osborne, 105 U. S. 447, 450, 26 L. Ed. 1065; Ensminger v. Powers, 108 U. S. 292, 302, 2 Sup. Ct. 643, 27 L. Ed. 732; Hovey v. McDonald, 109 U. S. 150, 157, 3 Sup. Ct. 136, 27 L. Ed. 888.

In Bronson v. Railroad Co., supra, the court said:

"They having appealed from the decree, it would be against all reason and principle to permit them to proceed in the execution of it pending the appeal. They assert the decree is founded in error, and for that reason should not be executed, but should be reversed and corrected in the appellate tribunal. The appeal suspends the execution of the decree."

In Ensminger v. Powers, supra, the court said:

"While the appeal was pending here, although there was no supersedeas, the Circuit Court had no jurisdiction to vacate the decree in pursuance of the prayer of a bill of review, because such relief was beyond its control."

The decisions in the District and Circuit Courts are to the same effect. Morgan's Louisiana R. R. Co. v. R. R. Co. (C. C.) 32 Fed. 525, 530; Kimberly v. Arms (C. C.) 40 Fed. 548, 550; Citizens' Bank v. Farwell, 56 Fed. 539, 6 C. C. A. 30; Western W. S. Co. v. Drinnen (C. C.) 79 Fed. 820; Morrin v. Lawler (C. C.) 91 Fed. 693.

In Citizens' Bank v. Farwell, supra, the Court of Appeals said:

"After the cause had been thus removed into this court, the plaintiff in error appeared at a subsequent term of the Circuit Court, and filed a motion in that court to 'vacate, set aside, and annul the said judgment' on various grounds. This motion the court overruled, and thereupon the plaintiff in error sued out this second writ of error in the same cause, and assigned for error the overruling of said motion. The removal of the case into this court under the first writ of error transferred the jurisdiction of the suit to this court, and the jurisdiction of the lower court over the case was at an end."

In Morrin v. Lawler, supra, Thomas, J., said:

"When all the steps necessary to perfect an appeal to an appellate court have been properly taken, the action is within the control of that court, and the trial court should not engage in undoing or modifying the proceedings by which such jurisdiction has been obtained."

The appeal here taken is not authorized or sanctioned by any of the provisions of the bankrupt act, or by any rule or practice adopted by the courts in bankruptcy proceedings.

Section 25a, Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432] provides:

"That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals of the United States * * * (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over. Such appeal shall be taken within ten days after the judgment appealed from has been rendered."

It was by virtue of these provisions that the first appeal was taken. In the petition for a rehearing it was stated that the matters upon which a rehearing was asked were discovered "since the suing out an appeal in this court, and that, if a rehearing of this cause is granted by the court, petitioner will dismiss such appeal, and diligently prosecute its said claim before this court upon such rehearing." This was not sufficient. If appellant desired its petition for rehearing to be passed upon by the court below, it should have dismissed the appeal it had previously taken to this court. The authorities cited by appellant are to the effect that by so doing it would not have lost its right to take an appeal after the final action of the court below upon the petition for rehearing. In re Wright (D. C.) 96 Fed. 820; Stickney v. Wilt, 23 Wall. 150, 23 L. Ed. 50. Appellant cites Devries v. Shanahan, 122 Fed. 629, 58 C. C. A. 482, but that case only decides that the Court of Appeals, where the record is imperfect, may return the same to the District Court for correction. In re Abraham, 93 Fed. 767, 782, 784, 35 C. C. A. 592, is based on facts entirely dissimilar to the case at bar. The appeal was there taken from an order that was not appealable, and the Court of Appeals, in the exercise of its discretion, permitted the appellant, in lieu

of his appeal, to file a petition for revision of the proceedings in the District Court. The only cases we have found where the appellate courts have considered or reviewed any question presented by a petition for a rehearing or review in bankruptcy cases is where the matter was presented under section 24b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]). In re Rouse, Hazard & Co., 91 Fed. 96, 33 C. C. A. 356; In re Eggert, 102 Fed. 735, 43 C. C. A. 1; In re Derby, 102 Fed. 808, 814, 42 C. C. A. 637; In re Fisher, 103 Fed. 860, 43 C. C. A. 381, 51 L. R. A. 292. But in these cases it was held that no such rehearing or review could be had where the appeal is taken under the provisions of section 25a. The general consensus of opinion is that, section 25a having provided a means to review by appeal three kinds of judgments, every other means is excluded. Coll. on Bk. (4th Ed.) p. 267; Brand. on Bk. §§ 604, 605; In re Good, 3 Am. Bankr. R. 605, 99 Fed. 389, 39 C. C. A. 581. The taking of an appeal deprives the court of bankruptcy of jurisdiction to further consider matters involved in the appeal.

Appeal dismissed.