## MORRIN v. LAWLER.

(Circuit Court, E. D. New York. January 28, 1899.)

APPEAL—EFFECT AS TRANSFER OF CAUSE—APPLICATION TO SUBSTITUTE APPEAL BOND.

It is the rule in federal courts that, when all the steps necessary to perfect an appeal have been properly taken, the action is within the control of the appellate court, and a motion for substitution of the appeal bond must be addressed to that court.

On Motion for Leave to Substitute Appeal Bond.

Briesen & Knauth, for complainant.
Dickerson & Brown, for defendants.
Dayton & Swift, for City Trust, Safe-Deposit & Surety Co.

THOMAS, District Judge. The above action is one of three cases jointly heard and determined in this court, and since December, 1898, pending in the circuit court of appeals. After the interlocutory decree and the appeal therefrom, the complainant, by motion, objected to the bond offered by the defendant to perfect such appeal, on the ground that such bond did not provide for the payment of the decree of the trial court as well as that of the appellate court. Thereupon this court held that such bond did cover the damages and costs involved in the decree of the trial court as well as those of the appellate court, and the defendant on December 10, 1898, entered an order upon the decision denying the motion. On the 21st day of January, 1899, the City Trust, Safe-Deposit & Surety Company of Phila-

delphia, the surety on the bond so tendered by the defendant and accepted by the court, applied to the court for an order granting the surety permission to substitute another bond for such bond so before received, upon the ground that the surety did not contemplate issuing a bond whereby the liability of the surety would extend to the costs and damages directed to be paid by the decree of the trial court. The motion is denied, without passing upon the merits of the application, because the action has been transferred from this court to the circuit court of appeals, and that court has now exclusive cognizance of the matter. It is true that in O'Sullivan v. Connors, 22 Hun, 137, where there was a similarity of facts and procedure, the motion for correction was made in the first instance at special term, although an appeal to the general term had been perfected, and the latter branch of the court affirmed the order granting the motion. Such, however, does not seem to be the practice in the federal courts, and, on principle, should not be. When all the steps necessary to perfect an appeal to an appellate court have been properly taken, the action is within the control of that court, and the trial court should not engage in undoing or modifying the proceedings by which such jurisdiction has been obtained. The appellate court has been accustomed in instances similar to exercise jurisdiction, and it would appear that its jurisdiction is exclusive. Railroad Co. v. Schutte, 100 U. S. 644–647; Draper v. Davis, 102 U. S. 370; Rubber Co. v. Goodyear, 6 Wall. 153–157; French v. Shoemaker, 12 Wall. 86, 99; Jerome v. McCarter, 21 Wall. 17; Bigler v. Waller, 12 Wall. 142, 149; McClellan v. Pyeatt, 49 Fed. 259, 260; Morgan's L. & T. & S. S. Co. v. Texas Cent. Ry. Co., 32 Fed. 525. The discussion of Hammond, J., in Ferguson v. Dent, 29 Fed. 1, and the note by the learned judge to his opinion, is a valuable contribution to this subject. In view of these authorities, the motion is denied, without prejudice to renewing the same before the circuit court of appeals.