CLARKE v. EUREKA COUNTY BANK.

(Circuit Court, D. Nevada. July 18, 1904.)

No. 728.

**1. APPEAL—FINAL JUDGMENT—MOTION FOR NEW TRIAL—PENDENCY.**

The judgment of a federal court is not final, so that the jurisdiction of the appellate court may be invoked, while the judgment is still under the control of the trial court through the pendency of a motion for a new trial.

**2. SAME—SUPERSEDEAS BONDS—SUFFICIENCY.**

Where plaintiff was present when the amount of defendant's supersedeas bond for appeal was fixed by the trial court, and made no objection to the amount fixed, whereupon a writ of error was allowed, the bond accepted, and citation issued, the fact that the amount fixed, was, by inadvertence, some $30 less than the amount actually due on the judgment, including interest, etc., was immaterial.

**3. MOTION TO INCREASE BOND—JURISDICTION.**

Where a supersedeas bond has been accepted, writ of error allowed, and the citation issued, a motion to increase the bond is within the exclusive jurisdiction of the appellate court.

Motion for Issuance of an Execution.

Alfred Chartz and N. Soderberg, for plaintiff.

Cheney, Massey & Smith, for defendant.

HAWLEY, District Judge (orally). The record in this case shows that the judgment was rendered July 6, 1903, in favor of plaintiff, for the sum of $11,251.75; that thereafter stipulations were filed by the respective parties, and orders made by the court in pursuance thereof, extending the time for plaintiff to file and serve notice of motion for new trial and bill of exceptions, and for a stay of execution. The first of these stipulations was filed January 14, 1903, the second was filed July 31st, and the third August 31st, extending the time up to and including the 21st day of September, 1903. The notice of motion for new trial was filed August 31, 1903, and thereafter set for hearing on September 21, 1903, then overruled, and on the same day this court allowed the writ of error to the Circuit Court of Appeals upon the defendant giving a bond in the sum of $11,500 to operate as a supersedeas bond. It further appears that in due course of time the case was regularly placed upon the calendar of the Circuit Court of Appeals, and on May 2, 1904, the judgment of this court was affirmed. A petition for rehearing was filed, and on June 3, 1904, denied. Thereafter the plaintiff in error, defendant in the court below, moved the Circuit Court of Appeals for, and obtained, an order staying the mandate herein until the Supreme Court pass upon an application for a writ of certiorari to review the judgment herein rendered upon the filing of an additional bond in the sum of $1,000. On July 1, 1904, the plaintiff moved this court "to vacate and set aside the order herein made and entered in said cause on the 21st day of September, 1903, granting the supersedeas and stay of execution, and ordering that upon the giving

¶ 1. What decrees are final. see note to Brush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379.

of a bond by defendant in the sum of $11,500 said bond should operate as a supersedeas bond, and that execution issue herein upon the judgment made and entered by said court on the 6th day of July, 1903, in favor of plaintiff and against said defendant."

1. It is claimed that the writ of error was not sued out within 60 days from the entry of judgment, in accordance with the provisions of section 1007, Rev. St. [U. S. Comp. St. 1901, p. 714], 60 days having elapsed since the judgment was originally entered. This contention is without merit. The decisions of the Supreme Court are to the effect that a judgment is not final, so that the jurisdiction of the appellate court may be invoked, while it is still under the control of the trial court through the pendency of a motion for new trial. Kingman Co. v. Western M. Co., 170 U. S. 675, 678, 18 Sup. Ct. 786, 42 L. Ed. 1192, and authorities there cited.

2. It is claimed that the bond given on the writ of error is insufficient in amount to operate as a supersedeas, in this: that it was allowed in a sum about $30 less than the amount then actually due upon the judgment, including interest, etc. This, if true, seems to have been an inadvertence. The plaintiff was present when the amount was fixed by the court, and no objection was made to the amount of the bond. The rule is universal that when a writ of error or an appeal is allowed, the original bond accepted and the citation signed, the jurisdiction of the suit is in the appellate court, and the jurisdiction of the lower court over the cause ceases, and a motion to increase the bond on the writ of error could have been addressed to the appellate court, if so desired. Morrin v. Lawler (C. C.) 91 Fed. 693, and authorities there cited; Keyser v. Farr, 105 U. S. 265, 26 L. Ed. 1025. As was said by the court in Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121:

"The power of the justice over the appeal and the security, in the absence of fraud, was exhausted when he took the security and signed the citation. From that time the control of the supersedeas as well as the appeal was transferred to this court; and even here, as we held in Jerome v. McCarter, 21 Wall. 17, 22 L. Ed. 515, in the absence of fraud, the action of the justice or judge in accepting the security, within the statute and within our rules adopted for his guidance, was final, so far as it depended on facts existing at the time the security was accepted."

It necessarily follows that the supersedeas granted by this court by the order allowing the writ of error herein on September 21, 1903, is still in force, has never been, and cannot now be, vacated.

The motion is denied.