## HAYS v. WAGNER et al.

(Circuit Court of Appeals, Sixth Circuit. February 11, 1907.)

### No. 1,542.

**1. APPEAL AND ERROR—RECORD—CORRECTION IN LOWER COURT.**

Under a writ of certiorari from an appellate court made on a suggestion of a diminution of the record, directing the court below to correct and complete the record, that court has authority by a nunc pro tunc entry to make any changes in the record necessary to make it conform to the facts and recite accurately what was done.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2840–2846.]

**2. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—BANKRUPTCY OF PETITIONER.**

Where one of the petitioners in a petition in involuntary bankruptcy himself becomes a bankrupt before the hearing, his trustee may be substituted in his place as petitioner.

**3. SAME—QUALIFICATION OF PETITIONER—FILING CLAIM IN ASSIGNMENT PROCEEDINGS.**

A petitioner, in a proceeding in involuntary bankruptcy, where the act of bankruptcy alleged is the making of an assignment under the state law, does not become disqualified by proving a different claim against the debtor in the assignment proceedings after the filing of the petition and pending a hearing thereon.

**4. SAME—INTERVENING PETITION—DEFECT IN MATTER OF FORM.**

The fact that the petition of a creditor, who intervenes and joins in a petition in involuntary bankruptcy, is defective in matter of form in setting out his claim, is immaterial, where the deficiency is supplied by the proof on the hearing.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Ohio.

Gilbert H. Stewart, for appellant.

John N. Van Deman, for appellees.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This is an appeal from an order made December 26, 1905, adjudicating the appellant a bankrupt. The case came here first an a transcript containing an entry of adjudication of the date of July 14, 1905. This transcript was returned with a writ of certiorari, suggesting a diminution of the record and directing its correction and return. When the case reached the lower court, the appellant (respondent below) made a motion for a nunc pro tunc entry setting aside the entry of adjudication of July 14, 1905, and entering such order and judgment as of the date of December 26, 1905, when the same was made. This motion was granted, the nunc pro tunc order prayed for made, and, at the same time, on motion of the petitioners below, an additional nunc pro tunc entry was made, as follows:

"It appearing to the court that, since the filing of the petition herein, one of said petitioners, to wit, Harry G. Wagner, has been adjudged a bankrupt, and J. D. Barnes, of Sidney, Ohio, has been duly appointed as his trustee in bankruptcy, and that the bankrupt court has ordered and directed that said J. D. Barnes, as such trustee, come into this case, and prosecute the same, it is therefore ordered by the court that the said J. D. Barnes, trustee in bankruptcy of Harry G. Wagner, be, and is, hereby substituted as petitioning creditor for and instead of said Harry G. Wagner, but that this action may proceed under the same title as heretofore. (To which order of the court the said Hays excepts.)

"It further appearing to the court that there was filed in this case, on or about the 31st day of January, 1906, a certain paper purporting to be all the evidence taken and considered by the court, upon the hearing of this cause, but that the same did not so contain all of said evidence, and was filed without the authority of the court. It is therefore ordered and adjudged by the court that said alleged statement of evidence be, and is, stricken from the record and files of this case, and that another and complete statement, which has been agreed to between the parties and approved by the court, be substituted therefor and ordered filed as of the said date.

"Tayler, J.
"May 28, 1906."

The complete statement of evidence substituted in accordance with this order reads as follows:

"At the hearing of this cause before Judge Tayler, counsel for defendant admitted in open court that the answer of defendant, 'denying that Harry G. Wagner had a provable claim,' related solely to the fact that he (Wagner) had been adjudged a bankrupt since the petition in this cause was filed, and while he (Wagner) did have the claim, as set forth in the petition at the time said petition was filed, his right and ownership therein had all passed to his trustee in bankruptcy. Thereupon counsel for petitioners admitted the bankruptcy alleged, and that J. D. Barnes, of Sidney, Ohio, is his trustee in bankruptcy, and said J. D. Barnes as such trustee was thereafter, upon his own application made in pursuance of the order of the bankrupt court, by order of this court, substituted as petitioning creditor as and for said Harry G. Wagner. On the issue joined on the intervening petition of George S. Haydock, trustee of the Decatur Buggy Company, the president of said company, Harry G. Elwood, testified as follows, to wit: O. L. Hays and Edward Flickinger knew all about the financial condition of the Decatur Buggy Company, and were both liable upon consideration of its paper, and suggested to me a plan to unload the indebtedness upon other parties, and Hays suggested that we do so by increasing the stock from sixty thousand dollars ($60,000) to one hundred thousand dollars ($100,000), then bond the plant for one hundred thousand dollars ($100,000), and he (Hays) could sell the bonds and pay off the debts upon which he was liable; and thereupon, at his request, I took the necessary steps to authorize the increase, and did procure such authority, and then called a meeting of the stockholders, which O. L. Hays and Edward Flickinger attended, at which time they each and myself subscribed ten thousand

dollars ($10,000) to the increase of the capital stock of said the Decatur Buggy Company, but O. L. Hays was not able to place the bonds, and the scheme failed, and O. L. Hays never paid any part of said subscription. That O. L. Hays was in no way deceived, or induced by me or any other officer of the Decatur Buggy Company, to make said subscription. He knew the true condition of the company, and this was his scheme, to get out from under the paper of the company that he was personally liable upon. That said the Decatur Buggy Company is now bankrupt, and its total assets are less than $100,-000, and its liabilities are more than $500,000. That George S. Haydock is trustee in bankruptcy of said company. This was all the evidence offered by the petitioners The foregoing are all the facts or evidence which were before the court when the said O. L. Hays was adjudged bankrupt."

The appellant objects to the additional nunc pro tunc entry thus made upon motion of the petitioners, insisting the court below could find no authority in the writ for such action. We think, if it was necessary, in order to show just what was done on December 26, 1905, when the order of adjudication was made, to make this additional nunc pro tunc entry, the court was warranted in doing so, and at the same time it had a right to correct the record by striking from it the paper purporting to contain all the evidence taken at the time of the adjudication, which was filed without its authority, and inserting a complete statement thereof. The writ directed the court below to correct and complete the record, and we must accept the record as it now stands as correct and complete.

The appellant contends that, in view of his answer alleging his creditors numbered more than 12, three or more having provable claims must have joined in the petition, and it clearly appears there were not that number. Three alleged creditors joined in the petition, Harry G. Wagner, the First National Bank of Vandalia, Ill., and the Hayden-Clinton National Bank, of Columbus, Ohio. Subsequently, by an intervening petition, George S. Haydock, trustee of the Decatur Buggy Company, joined in the application. Wagner's claim was based on a note on which Hays was indorser. The claim of the First National Bank of Vandalia, Ill., was of a similar nature. That of the Hayden-Clinton National Bank, of Columbus, Ohio, was on a note of which Hays was maker. While the claim of Haydock, trustee, was founded upon an alleged subscription to the capital stock of the Decatur Buggy Company.

It is contended that Wagner did not have a provable claim, because he became a bankrupt on January 3, 1905, when he ceased to have any claim. We think the substitution of his trustee cured this objection.

The claim of the First National Bank of Vandalia, Ill., is thus stated in the petition:

"The said Otho L. Hays is indebted to your said petitioner, the First National Bank of Vandalia, Ill., in the sum of $847.72, on a certain promissory note of which the following is a copy, with the indorsements thereon, viz.:

" '$847.72. Galion, O., Feb. 5th, 1904.

" 'Four months after date we promise to pay to the order of The First National Bank, Vandalia, Ill., eight hundred forty-seven 72-100 dollars at Citizens' National Bank.

" 'Value received.

" 'The Flickinger Wheel Co.,
" 'E. Flickinger, President.

" 'No. ——. Due ——.'

"Indorsements: 'O. L. Hays. E. Flickinger.'

"That on the 25th day of May, 1904, your said petitioner, the First National Bank of Vandalia, Ill., caused said note to be presented for payment at said the Citizens' National Bank of Galion, Ohio, and demanded payment thereof, which was refused, and that on said day W. J. Geer, a notary public within and for Crawford county, Ohio, presented said note for payment to said the Citizens' National Bank of Galion, Ohio, and demanded payment thereof, which was refused; whereupon the said notary protested the said note for nonpayment and notified the said Otho L. Hays of said presentment, nonpayment, and protest."

It is pointed out that this note, according to its terms, did not fall due until June 5, 1904; yet the petition states that it was presented for payment on May 25, 1904, and, payment being refused, the note was protested and Hays notified. Obviously the demand and protest was premature, and the indorser could not be held thereon.

The claim of the Hayden-Clinton National Bank is assailed, not on the ground of its insufficiency, but because the bank itself had filed a claim as a creditor under the Ohio assignment of April 29, 1904, relied upon as the act of bankruptcy. The petition below was filed July 16, 1904, and there is nothing in the record, as it now stands, to show that any claim was ever filed with the Ohio assignee by this bank, but the statement of evidence which was stricken from the record by the nunc pro tunc order does contain the information that on August 5, 1904, the bank presented to the assignee a claim amounting to $10,000, being a note for that amount, of which Hays was one of the makers. But, if this information were properly before us, it would not lead us to eliminate this claim. We think that, after joining in the petition below, the bank had a right, if it deemed it advisable, to present the note referred to in the Ohio assignment. It is not the same note, and, besides, it was presented after, and not before, the bank joined in the petition below. Having joined in the petition, the bank could not in that way withdraw from the litigation.

The warmest dispute is with respect to the intervening petition which is based upon an alleged subscription of $10,000, made by the appellant to the capital stock of the Decatur Buggy Company. The testimony taken upon the question whether Hays did or did not subscribe as alleged is set forth in the statement of evidence which we have already given. It is contended that the intervening petition was bad on demurrer because it did not set forth facts showing that the Decatur Buggy Company, at the time the subscription is alleged to have been made had authority to increase the capital stock, and receive such subscription, and did not aver that it was necessary to collect the subscription in order to pay the creditors of the corporation. But these were defects in matter of form. The respondent filed his answer denying that he ever made the subscription, and denying that the trustee had any provable claim against him. Testimony was taken upon this point. This testimony is set out in the corrected statement of evidence. The president of the company testified that Hays and one Flickinger knew all about the financial condition of the buggy company. They suggested the increase of stock, and the president took the necessary steps to authorize the increase, and did procure such authority, and then, at a meeting of the stockholders which Hays and Flickinger and he attended, they each subscribed $10,000 to

the increase of the capital stock. It states further that the buggy company was bankrupt; its total assets less than $110,000 and its liabilities more than $500,000.

We think, in view of this evidence, the court below was justified in finding that the trustee of the buggy company had a provable claim for the subscription against the appellant. This leaves three creditors with provable claims, amounting to more than the minimum fixed by the act, who joined in the application.

The judgment and order is affirmed.