### KENDRICK v. ROBERTS.

(District Court, N. D. Georgia. February 17, 1914.)

APPEAL AND ERROR (§ 482*)—ORDERS OF TRIAL COURT AFTER PERFECTING APPEAL.

    The District Court, approving a supersedeas bond made a part of the record in the case, which has been filed in the Circuit Court of Appeals on writ of error, has no jurisdiction to vacate the supersedeas.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2259–2263; Dec. Dig. § 482.*]

At Law. Action by A. F. Kendrick against Columbus Roberts. There was a verdict for plaintiff, and defendant appealed and executed a supersedeas bond, which was approved. Motion to vacate order of supersedeas denied.

Anderson & Rountree, of Atlanta, Ga., for plaintiff.
Little, Powell, Hooper & Goldstein, of Atlanta, Ga., for defendant.

NEWMAN, District Judge. In this case there was a verdict for the plaintiff for $5,500. There was a motion for a new trial heard and overruled. Writ of error was obtained within the six months allowed by statute from the time the motion for new trial was overruled, and the case finally ended in this court. At the same time a supersedeas bond was presented in the sum of $7,000, which counsel for defendant stated to the court was satisfactory to plaintiff's attorney, and that he was authorized to so state to the court. Counsel for the plaintiff now states that this is correct, and counsel for defendant was authorized to state that to the court. He says, however, that what he referred to was the amount of the bond, which he agreed would be satisfactory, inasmuch as the defendant was giving a surety company bond and it was useless to require him to pay more premium than was necessary to cover the judgment, interest, and costs. More than 60 days had elapsed when the supersedeas bond was presented and approved by the court. I have no recollection of what was in my mind about it, whether I knew that more than 60 days had elapsed, or, knowing this, I thought that counsel were agreeing about the matter, and that it was satisfactory to plaintiff to have a good supersedeas bond, instead of trying to

---

enforce his judgment before the case was determined in the Circuit Court of Appeals. All I remember about it is that the message referred to above was brought to me from plaintiff's counsel, and that I approved the bond as a supersedeas bond.

The present matter is a motion by counsel for the plaintiff, which, after reciting the facts above stated, that the bond was given and approved more than 60 days after the final ending of the case in this court, makes this prayer:

"And now, during the term at which said order was made, comes A. F. Kendrick, the plaintiff in said case, and moves the court to vacate the following portion of said order, to wit: 'And upon the giving of said bond in said sum, when it is approved by the court, the judgment herein rendered in favor of the plaintiff against the defendant shall be suspended, and supersedeas will be granted until the determination of said writ of error by the United States Circuit Court of Appeals for the Fifth Circuit.'"

As a matter of fact the motion was not made during the same term in which the supersedeas was granted, but was made on January 14, 1914, during a later term of the court than that at which the supersedeas was granted. In my judgment the court here has no right to make any order in the premises. The supersedeas bond was approved by the court and made a part of the record in the case, which has been filed in the Circuit Court of Appeals and the case entirely transferred to that court. I do not think, in this situation, the court here has any right to interfere with the case. This is thoroughly laid down in the decisions of the Supreme Court, as I understand them. Slaughter-House Cases, 10 Wall. 273, 19 L. Ed. 915; Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121; Keyser v. Farr, 105 U. S. 265, 26 L. Ed. 1025. In this last case the language of the first headnote is as follows:

"Where, after the allowance of an appeal, the required supersedeas bond was duly approved and the cause entered here, the court below had no longer any control over the decree, and its subsequent order vacating that allowance is void." Ensminger v. Powers, 108 U. S. 292, 2 Sup. Ct. 643, 27 L. Ed. 732.

In Clarke v. Eureka County Bank (C. C.) 131 Fed. 145, the third headnote is as follows:

"Where a supersedeas bond has been accepted, writ of error allowed, and the citation issued, a motion to increase the bond is within the exclusive jurisdiction of the appellate court."

It seems to me, therefore, that I would be violating the proprieties and the correct rule of practice on the subject. Besides that, the jurisdiction of the appellate court over the case now is complete; it having been transferred to that court, and therefore removed entirely from the jurisdiction of this court.

The motion to grant the order prayed for is therefore denied, without prejudice in any way, of course, to the right of the plaintiff in this court, and the defendant in error in the appellate court, to make the same motion in the appellate court, if he so desires.