UNITED STATES v. CHICAGO & A. R. CO.

(Circuit Court of Appeals, Seventh Circuit. February 1, 1918.)

No. 2522.

**1. RAILROADS ☞229—OPERATION—SAFETY APPLIANCE ACT.**

The duty of a railroad company to comply with the safety appliance acts is absolute, and the movement of a car without having the statutory equipment in proper repair cannot be excused unless it falls within the proviso of Act April 14, 1910, c. 160, § 4, 36 Stat. 299 (Comp. St. 1916, § 8621).

**2. JUDGMENT ☞273(2)—ENTRY—ORDER NUNC PRO TUNC.**

Where the failure of the clerk to enter judgment in the first place in accordance with the court's direction was a mere omission, it may be corrected by the entry of judgment nunc pro tunc, and a writ of error sued out before correction will, after entry of the judgment nunc pro tunc not be dismissed on the ground that there was no judgment.

**3. TRIAL ☞388(1)—FINDINGS.**

Where the stipulated facts were the ultimate facts, it is unnecessary that they be repeated by the court in the form of special findings in order that their sufficiency to support the judgment may be challenged.

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

Action by the United States against the Chicago & Alton Railroad Company. Judgment for defendant, and the United States brings error. Reversed and remanded.

Charles F. Clyne, of Chicago, Ill., and Roscoe F. Walter, of Washington, D. C., for the United States.

William L. Patton, of Springfield, Ill., for defendant in error.

Before KOHLSAAT, ALSCHULER, and EVANS, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ALSCHULER, Circuit Judge. The action was for recovery of penalty for alleged infraction of the safety appliance acts through moving a freight car in the Bloomington-Normal yards of defendant in error while the uncoupling apparatus was inoperative because the lock chain was disconnected from the uncoupling lever. The parties stipulated to waive jury and submit the cause to the court, and that "for all purposes of trial and review" the material facts are as in the stipulation stated. The District Court found for defendant in error.

[1] The obligation to provide and maintain the statutory equipment has been so definitely held to be absolute, even where the lack of it was occasioned in no degree through want of care or diligence on the part of the carrier, that further discussion of the proposition would be profitless. Tex. & Pac. Ry. Co. v. Rigsby, 241 U. S. 33, 36 Sup. Ct. 482, 60 L. Ed. 874; C., B. & Q. Ry. v. United States, 220 U. S. 559, 31 Sup. Ct. 612, 55 L. Ed. 582; St. L. & I. M. Ry. v. Taylor, 210 U. S. 281, 28 Sup. Ct. 616, 52 L. Ed. 1061. It is equally well settled that the only permissible exceptions to the rule of liability, where there is movement of the car without having the statutory equipment in proper repair, are those created by the proviso of section 4 of the Act of April 14, 1910. United States v. Erie R. Co., 237 U. S. 402, 35 Sup. Ct. 621, 59 L. Ed. 1019; B. & O. S. W. Ry. v. United States, 242 Fed. 420, 155 C. C. A. 196 (6 C. C. A.); C. & O. Ry. v. United States, 226 Fed. 683, 141 C. C. A. 439 (4 C. C. A.); C., B. & Q. Ry. v. United States, 211 Fed. 12, 137 C. C. A. 438 (8 C. C. A.); United States v. Trinity & B. V. Ry., 211 Fed. 448, 128 C. C. A. 120 (5 C. C. A.).

The stipulation of facts, incorporated in the record by bill of exceptions, shows that the car in question, with its uncoupling equipment inoperative through lack of repair, was moved by defendant in error, and it is plain that the stipulated facts do not bring the case within any of the exceptions of the proviso, but leave it to be governed by the absolute provisions of the acts. Indeed, counsel for defendant in error do not contend otherwise. This situation would require reversal of the judgment unless there is merit in the contention that the record does not show any judgment at all, or that, in any event, in the absence of findings of fact by the court, its general finding in favor of defendant in error is not assailable on the ground that the facts do not support it.

[2] While it is extremely doubtful whether what appears in the transcript as a judgment amounts to a judgment, there was presented to this court a supplemental record showing that subsequent to the suing out of the writ of error the District Court made an order for entry of judgment nunc pro tunc as of the date of the purported judgment which the transcript shows. It is evident to us that the failure of the clerk to enter judgment in the first place in accordance with the court's direction therefor at that time minuted was an omission which in the interest of justice may and ought to be supplied, and that it has been in this manner properly supplied. Judgment thus appearing, the contention in that respect fails.

[3] There is no merit in the unsupported assertion that the stipu-

lated facts are evidentiary rather than ultimate. We consider them ultimate facts, which, without further evidence or finding, enabled the court to pass judgment. The ultimate facts thus appearing, is it necessary that they should be repeated by the court in the form of special findings in order that their sufficiency to support the judgment may be challenged? This question is well settled in the negative by authoritative and binding decisions. Supervisors v. Kennicott, 103 U. S. 554, 26 L. Ed. 486; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373. Required as we thus are to consider whether the stipulated facts are sufficient to support the judgment, we must conclude that they are not.

While it is apparent to us that neither the defective condition of the coupling nor the movement of the car while its coupling device was in such condition was occasioned through any neglect or want of due care on the part of defendant in error, if nevertheless, under the absolute liability which the statute imposes, the government insists upon recovery of the penalty, the court has no discretion but to pronounce the judgment which in such case the law prescribes.

The judgment is reversed and the cause remanded.