### COCHRAN et al. v. BECKER.

(Circuit Court of Appeals, Eighth Circuit. October 6, 1921.)

Nos. 5231, 5247.

1. **Courts ⚌405(18)—Bills of review not entertained in courts of appeal.**
    The practice of the federal courts in equity in entertaining bills of review is not properly applicable to Circuit Courts of Appeals, and such courts have no jurisdiction under such a bill to vacate a judgment dismissing an appeal and writ of error and enter judgment upon the merits.

2. **Appeal and error ⚌436—Jurisdiction of Circuit Court of Appeal after party has taken an appeal and sued out a writ of error to the Supreme Court.**
    The jurisdiction of a Circuit Court of Appeals, after an appeal has been taken and a writ of error sued out to the Supreme Court, is limited to only such orders as it can make in connection with the records for the appeal and writ of error to the Supreme Court.

In Error to and Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Actions by James K. Cochran and another against Coulton M. Becker. From a judgment and decree in favor of defendant, plaintiffs brought error, and appealed. The appeal and writ of error were

---

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dismissed, and plaintiffs moved for leave to file bill of review. Motions to vacate and enter judgment on the merits in the so-called bill of review denied.

See, also, 257 Fed. 988, 168 C. C. A. 666.

Harris Kobey, in pro per.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

STONE, Circuit Judge. Both of these cases arose in the Eastern District of Missouri. No. 5231 is a law action, and the other one in equity. The transcripts of record in both cases were filed in this court in August, 1918.

December 18, 1918, appellant-plaintiff in error acknowledged service of motions to dismiss the appeal and the writ of error with attached notices for January 6, 1919. January 2, 1919, these motions and notices were filed. January 6, 1919, these motions were called to the attention of the court by counsel for appellee-defendant in error; appellant-plaintiff in error not being represented. Upon suggestion of counsel, hearing on the motion was postponed until the date upon which the cases were set upon the calendar for hearing, to wit, January 20, 1919. On that date, appellant-plaintiff in error filed his motions for supplemental transcript and for continuance. On the last above date this court entered similar orders of submission of the motions as follows:

Order of Submission of Motion of Appellants for Supplemental Transcript of Record and for Continuance and of Motion of Appellee to Dismiss.

"This cause, having been called in its regular order, came on to be heard on the motion of appellants for a supplemental transcript of record and for a continuance to the succeeding term of this court, and on the motion of appellee to dismiss the appeal, and Mr. Oliver J. Miller, counsel for appellee, made argument in support of the motion to dismiss; counsel for appellants were not present. Thereupon said motions were by the court taken under advisement."

After consideration of the above motions by the court, later upon the same date, orders were entered denying the motions of appellant-plaintiff in error and sustaining the motions to dismiss the appeal and the writ of error. On March 15 and 21, 1919, respectively, plaintiff in error-appellant filed motions in the respective suits to set aside or vacate the order of dismissal and enter a final order or judgment on the merits. April 9, 1919, appellee-defendant in error filed an answer to the last above motions. These motions and answers presented briefly the points raised upon the motions for supplemental transcript, for continuance and for dismissal. Because appellant-plaintiff in error had not been represented at the hearing of the motions on January 20, 1919, and because he was conducting his cases in person without the assistance of competent counsel, the court treated the motions as petitions for rehearing, and carefully re-examined the matters involved in the motions upon which it had acted on January 20, 1919. The result was a dismissal June 4, 1919, of these last filed motions. May 26, 1920, about a year later, and long after the mandate had gone down and aft-

er two terms of this court had intervened, appellant-plaintiff in error filed motions "for leave to file bill of review." June 2, 1920, those motions were denied for want of jurisdiction. The substantial portions of these orders of denial were:

"And it appearing that during said December term, 1918, and on the 21st day of March, 1919, the appellants herein filed a motion to vacate the decree of this court and enter a final order on the merits, which said motion was by the court treated as a motion for rehearing, and after due consideration by the court said motion was denied at the May term, 1919, on June 4, 1919, the said May term, 1919, was finally adjourned on August 25, 1919, and subsequently there have transpired the September term and December term, 1919. And now at the present May term, 1920, there having been filed the aforesaid motion of appellants for leave to file in this court a bill of review to have reviewed the decree of this court entered at the December term, 1918, on the 20th day of January, 1919, it is by the court, after due consideration, now here ordered that said motion be, and the same is hereby, denied for the want of jurisdiction."

June 3, 1920, appellant-plaintiff in error filed in this court his appeal and writ of error, with assignments of error and citations, to the Supreme Court. Both the appeal and the writ of error were allowed and service of citations thereon made June 11, 1920. We are not advised as to the status of this appeal and writ of error in the Supreme Court, beyond the information, gained from the clerk, that no transcript for the Supreme Court has been ordered. July 31, 1920, appellant-plaintiff in error filed motions which he denominates as "motions to vacate orders filed herein, and enter judgment upon the merits in the bill of review filed as a matter of right." These motions were orally argued by appellant-plaintiff in error and submitted during the September term, 1920, and are the matters now before the court.

These cases were disposed of in this court by the orders of January 20, 1919, sustaining the motions to dismiss the appeal and the writ of error. The occurrences in open court and the correspondence of the clerk of this court with appellant-plaintiff in error reveal beyond question that he was amply notified of that hearing on that day. If he did not choose to be present, that was his own act, from which this court cannot relieve him. In a letter from appellant-plaintiff in error to the clerk, dated January 13, 1919, he requested "that the motions to dismiss and plaintiff's motions be submitted and acted upon at the same time." Not only the motions to dismiss but the motions for supplemental transcripts and for continuances, filed by appellant-plaintiff in error, were carefully considered by this court before the rulings thereon.

[1] Later this court reconsidered all of these matters under the motions filed, by appellant-plaintiff in error, on March 15 and 21, 1919, and reached the same conclusion. This appellant-plaintiff in error has had no lack of careful consideration of his claims in this court. Almost a year after the rulings on the last-mentioned motions and after more than two full terms of this court had intervened, the motions of May 26, 1920, were filed. It makes no difference whether those motions be regarded as applications for leave to file bills of review or as bills of review, the result would be the same. This court

would be without jurisdiction to entertain them, as no such procedure is recognized in this court. This was definitely decided in Omaha Electric Light & Power Co. v. City of Omaha, 216 Fed. 848, 133 C. C. A. 52. Following the above case, the motions were dismissed for want of jurisdiction. The present motions are of the same character, designed to accomplish the same results, and, of course, are subject to the same rule.

[2] The above reason for not entertaining these motions is sufficient, but there is an additional reason. Appellant-plaintiff in error has taken an appeal and sued out a writ of error to the Supreme Court from the decisions herein of this court. Thus the jurisdiction of this court to make any further orders in these cases has been limited to such as it can now legally make in connection with the records for this appeal and writ of error to the Supreme Court.

The motions to vacate and enter judgment upon the merits in the so-called bills of review are, for want of jurisdiction, denied.