### In re GUSTIN et al.

### In re LONDON.

(District Court, E. D. Michigan, N. D. June 2, 1922.)

#### No. 1168.

Bankruptcy ⟐⟐462—After appeal is allowed, motion to strike pleadings must be made in appellate court.

After an appeal has been allowed to the Circuit Court of Appeals in involuntary proceedings in bankruptcy, the jurisdiction is transferred from the District Court to the appellate court, and a motion to strike certain pleadings from the record cannot be allowed by the District Court before remand, but should be presented to the Circuit Court of Appeals.

⟐⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the petition of Henry K. Gustin and others to have Israel J. London, doing business as the London Land Company, adjudicated a bankrupt. On motion by petitioning creditors to strike from the record certain pleadings filed by other creditors in opposition to the involuntary petition. Motion denied.

I. S. Canfield, of Alpena, Mich., for petitioning creditors.

Kinnane, Black & Leibrand, of Bay City, Mich., for objecting creditor.

TUTTLE, District Judge. This is a motion by the petitioning creditors to deny and to strike from the records certain pleadings filed by one of the other parties hereto, appearing as a creditor in opposition to the involuntary petition in bankruptcy. Prior, however, to the filing of such motion, a petition by such creditor for an order allowing an appeal to the Court of Appeals, assignments of error thereunder, and an order allowing such an appeal, had been entered herein by this court. As the effect of this was to transfer the jurisdiction of this court over this cause and its power to proceed further therein to the appellate court, this motion cannot be considered by me, at least unless and until the proceedings have been remanded for that purpose. In the meantime, any motions or petitions sought to be filed by the present petitioner, seeking the relief here prayed, should be presented to the Court of Appeals. Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121; Heitmuller v. Stokes, 256 U. S. 359, 41 Sup. Ct. 522, 65 L. Ed. 990; St. Louis & San Francisco R. R. Co. v. Loughmiller (D. C.) 193 Fed. 689; Sheeler v. Alexander (D. C.) 211 Fed. 544; Kendrick v. Roberts (D. C.) 214 Fed. 268; Purman v. Marsh, 49 App. D. C. 125, 261 Fed. 1005; Cochran v. Becker, 276 Fed. 280 (C. C. A. 8).

The present motion, therefore, must be denied.