## UNITED STATES v. CLAMP et al.

(District Court, W. D. Texas. May Term, 1923.)

### No. 4282.

1. **Bail ⬿⟹74(1)—Surety could not be released without canceling entire obligation.**

   Motion by surety on writ of error enlargement bond in criminal case to be released could not in any event be granted except through cancellation of entire obligation as to all parties, the release of one surety discharging the entire bond.

2. **Criminal law ⬿⟹1083—After perfecting proceedings in error, District Court cannot release surety on enlargement bond.**

   After perfecting of proceedings in error by filing of assignments of error and writ of error and service and return of citation in error, District Court has no jurisdiction to release surety on defendant's appearance bond.

Criminal prosecution by the United States against Leo Clamp and others. On motion by T. J. Martin for exoneratur on writ of error appearance bond. Motion denied.

John D. Hartman, U. S. Atty., and W. C. Williams, Asst. U. S. Atty., both of San Antonio, Tex.

H. S. Groesbeeck and Leonard Brown, both of San Antonio, Tex., for defendants.

WEST, District Judge. This is a criminal prosecution of Leo Clamp and others. Two are under conviction. T. J. Martin, a surety on the writ of error enlargement bond of Leo Clamp (one of the accused convicted) in the sum of $10,000, filed a motion on the 16th day of July, A. D. 1923, seeking relief from liability upon said obligation and asking "that his name as such surety be stricken therefrom." The grounds alleged in the motion are mistake of facts upon the part of the surety in qualifying as such and in the execution of the bond. The assistant United States attorney appeared as amicus curiæ, contesting the motion and pointing out want of jurisdiction. Upon exception, the motion was amended so as to show a surrender of the principal by his surety in open court.

The records disclose that proceedings by writ of error to this court from the Circuit Court of Appeals for the Fifth Circuit, removing this cause to that court, were perfected by filing of assignments of error on behalf of both plaintiffs in error on the 7th day of June, A. D. 1923, in the office of the clerk of this court, the filing in said office of writ of error on the 9th day of June, A. D. 1923, and the service, by waiver, upon the United States as defendant in error, and return by the marshal into and regular filing in the office of said clerk (both on the 9th day of June, A. D. 1923), of citation in error upon said writ.

[1] The relief sought in the motion could not be granted, in any event, except through the cancellation of the entire obligation as to all parties, the release of one surety operating to discharge the bond. 99 Am. Dec. 218, note; 3 R. C. L. 49; 6 Corp. Jur. 1022; 32 Cyc. 156.

The government's counsel make further contention: (1) That the

court is without jurisdiction of the motion by reason of the transfer of this cause to the Circuit Court of Appeals; (2) that the bond, subsequent to its approval and filing, is a record obligation in favor of the United States, in the nature of a chose in action in the possession of its officers, in which the government as owner has contractual rights which can be adjudicated only in an action brought for that purpose after formal pleading and notice—not summarily upon motion.

[2] Action on the merits of the controversy is precluded by the writ of error, which supersedes jurisdiction in this court to affect the rights of the parties pending the writ. It is equally certain that this court, after the allowance of, and perfecting, the writ of error, has authority to complete its record, by allowing and approving and ordering filed all papers and things requisite and incident to the writ of error proceeding; all of the four bonds in this case in fact having been taken following the perfecting of the writ by service and return of citation in error—the Clamp appearance bond being approved and filed on June 26, 1923. But where, as here, a particular portion of the record has been supplied, a different rule seems to apply to an attempt to nullify that portion. The court has been cited to no criminal case in point, but the statute providing for the taking of security in other causes is the same. Section 1000, R. S.

In the case of Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121, it was held that the power of the justice over an appeal and the security thereon, in the absence of fraud in the procuring of the bond, was exhausted when he approved the bond and signed the citation. In Morrin v. Lawler (C. C. E. D. N. Y.) 91 Fed. 693, upon a motion to substitute appeal bond in an equity suit where appeal had been perfected, the court explained that when a given step has been taken toward conferring jurisdiction on the appellate court, the trial court cannot undo or modify the proceedings by which such jurisdiction has been conferred, and that authority to order substitution of such a bond is exclusive in the appellate tribunal. Clarke v. Eureka County Bank (C. C. D. Nevada) 131 Fed. 145, was a proceeding at law. Upon motion to increase writ of error bond, which it was claimed was insufficient in amount to operate as a supersedeas, the court held that the appellate court alone had cognizance of the matter; the reasoning being the same as in the Morrin v. Lawler Case. See, to the same effect, First National Bank v. State National Bank, 131 Fed. 430, 65 C. C. A. 414; Anderson v. Comptois, 109 Fed. 971, 48 C. C. A. 1 (C. C. A. 9th Cct.); Burnham et al. v. North Chicago Street Railway Co. (C. C. A. 7th Cct.) 87 Fed. 168, 30 C. C. A. 594; Hudson v. Parker, 156 U. S. at page 288, 15 Sup. Ct. 450, 39 L. Ed. 424; Keyser v. Farr, 105 U. S. 265, 26 L. Ed. 1025; Cochran et al. v. Becker (C. C. A. 8th Cct.) 276 Fed. 280.

In view of these authorities, jurisdiction does not affirmatively appear; and a determination of the remaining question is therefore not required.

The motion is denied without prejudice to the rights of the proponent to renew the same in the Circuit Court of Appeals.