## PARKER v. NEW ENGLAND OIL CORPORATION.

### In re WILTSEE et al.

(District Court, D. Massachusetts. October 22, 1926.)

No. 1747.

**1. Appeal and error ☞324.**

Where there is joint judgment or decree, all parties respondent must join in appeal, or there must be order of severance, or its equivalent, apparent on record of trial court.

**2. Evidence ☞82.**

In absence of allegation or evidence that request for party to joint judgment to join in appeal was in writing, it will be inferred that it was not.

**3. Appeal and error ☞324.**

District Court has no power to consider whether appeal can be maintained on record failing to show severance of parties against whom there was joint judgment.

**4. Appeal and error ☞440.**

After appeal is allowed and entered in court above, District Court generally has no jurisdiction or power to change record on which final decree is based.

**5. Appeal and error ☞440.**

Lower court has power to correct merely clerical errors and omissions in appeal record after allowance of appeal.

**6. Appeal and error ☞440.**

District Court, after allowance of appeal, held without jurisdiction to receive evidence and enter order of severance of parties against whom joint judgment was entered, nunc pro tunc.

In Equity. Suit by Henry S. Parker against the New England Oil Corporation, in which Ernest Wiltsee and others intervened. On petition of a noteholders' committee for an order of severance to be entered nunc pro tunc. Petition denied.

For former opinions, see 4 F.(2d) 392; 8 F.(2d) 392; 13 F.(2d) 158.

Charles F. Choate, Jr., of Boston, Mass., for petitioners.

Sherman L. Whipple and Claude B. Cross, both of Boston, Mass., for intervening creditors.

ANDERSON, Circuit Judge. In accordance with the opinion of April 28, 1926, 13 F.(2d) 158, this court entered a final decree on May 15, 1926, against the New England Oil Refining Company and a "noteholders' committee," consisting of six named individuals. The term ended on June 21, 1926. On July 1, 1926, the noteholders' committee presented a petition for an appeal, in the usual form, covering the final decree, and also certain earlier interlocutory decrees.

This petition was allowed on the same date, with the usual order that a certified transcript of the record, testimony, exhibits, stipulations, and all proceedings be forthwith transmitted to the Circuit Court of Appeals. The citation was issued on July 7, 1926, acknowledgment of service was made on July 15, 1926. Præcipes were duly issued; the record prepared and printed; and this court

(with a reservation not now material) approved of the record on August 18, as of August 14, 1926.

On October 18, more than five months after the final decree, the noteholders' committee filed in this court a petition to the effect that on or about June 13, 1926, their solicitor of record presented to Farley, a director and counsel of record for the New England Oil Refining Company, in these proceedings, a request that the Refining Company appeal from the decrees above referred to; that said request was communicated by said Farley to the proper officers in control of said Refining Company's affairs; that the committee were advised that the Refining Company had complied with said decrees, was not interested in taking an appeal, and did not care to take any action in the premises; that by inadvertence said request upon said Refining Company and the declination of said Réfining Company to become a party appellant was not made a matter of record in this court before the allowance of the appeal of the committee on July 1, 1926.

The prayer is that this court allow "the filing of this petition nunc pro tunc as of June 15, 1926, and the facts shown in this petition and the affidavits be made a matter of record as of June 15, 1926, and that an order of severance may be entered nunc pro tunc as of June 16, 1926."

In the supporting affidavit of counsel for the committee he states that on June 13, 1926, he "conferred" with Farley, director of and attorney of record for the Refining Company, "and requested that the company appeal from the decrees" above referred to, and "was advised that the Refining Company declined to appeal."

Farley's affidavit is to the effect that on or about June 13, 1926, the solicitor for the committee "presented a request that the Refining Company appeal from the decrees" above referred to; that he communicated said request to the officers of said company and "was advised that the company had complied with said decrees and was not interested in an appeal therefrom and did not care to take any action."

[1] It is well settled that, where there is joint judgment or decree, all parties respondent must join in the appeal proceedings, or there must be an order of severance or its equivalent, apparent in the record of the trial court. See Williams v. Bank, 11 Wheat. 414, 6 L. Ed. 508; Owings v. Kincannon, 7 Pet. 399, 8 L. Ed. 727; Sipperley v. Smith, 155 U. S. 86, 89, 15 S. Ct. 15, 39 L. Ed. 79; Maytin v. Vela, 216 U. S. 598, 30

S. Ct. 439, 54 L. Ed. 632; Inglehart v. Stansbury, 151 U. S. 68, 14 S. Ct. 237, 38 L. Ed. 76; Davis v. Mercantile Trust Co., 152 U. S. 591, 14 S. Ct. 693, 38 L. Ed. 563.

The earlier practice was to require a formal summons, duly served, and an order of severance. See Hardee v. Wilson, 146 U. S. 179, 13 S. Ct. 39, 36 L. Ed. 933. But this formal practice fell into disuse; and it was held that a written notice and due service, appearing of record, showing that one of the defendants had refused to join in the appellate proceedings, was enough. But in this opinion, the court, by Justice Shiras, says:

. "We do not attach importance to the technical mode of proceeding called summons and severance. We should have held this appeal good, if it had appeared in any way by the record that Maverick had been notified in writing to appear, and that he had failed to appear, or, if appearing, had refused to join. But *the mere allegation of his refusal,* in the petition of appellant, does not prove this. *We think there should be a written notice and due service, or the record should show* his appearance and refusal, and that the court on that ground granted an appeal to the party who prayed for it, as to his own interest."

Compare Farmers' Loan & Trust Co. v. McClure, 78 F. 211, 213, 24 C. C. A. 66, where Judge Sanborn refers to the old remedy by formal summons and severance, and notes that that in Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953, the Supreme Court, in an opinion by Mr. Justice Miller, had held the appeal good, if it appeared that the party who had refused to join "had been notified *in writing* to appear, and then he had failed to appear, or, if appearing, had refused to join."

It may be noted that in this case a formal allegation in the petition was held insufficient. No case has come to the attention of this court in which proceedings less formal than a written notice were held good. [2] The petition and the supporting affidavits all import that the request to the Refining Company was merely an informal conference between counsel. There is no allegation or evidence that the request was in writing; inferentially, writing is negatived. Masterson v. Herndon, 10 Wall. 416, 417, 19 L. Ed. 953; Hardee v. Wilson, 146 U. S. 179, 181, 13 S. Ct. 39, 36 L. Ed. 933; Farmers' Loan & Trust Co. v. McClure, 78 F. 211, 213, 24 C. C. A. 66.

While in Farley's affidavit he asserts that the request was made to him, and that he referred it to the officers of the company, he

does not set forth that he communicated their attitude to the solicitor for the committee.

But defects in the offer of proof are of no import, unless the evidence is legally subject to the consideration of this court.

[3] This court agrees with counsel for the committee that it is not for this court to consider whether, on the present record, the appeal can be maintained. That is for the court above. The duty of this court is within narrow compass. The sole question for this court to determine is as to its power, in a subsequent term, after appeal allowed, entered and docketed in the Circuit Court of Appeals, to receive evidence, make a finding of fact, and enter an order of severance based thereon, all nunc pro tunc as of June 16, 1926, before the end of the term within which the final decree was entered and before the allowance of the petition for appeal.

[4] Counsel for the committee concedes that the general rule is that, after appeal allowed and entered in the court above, the cause is transferred to the appellate court and that the District Court has no jurisdiction or power to change the record on which the final decree is based.

[5] Of course the court below, as part of its duty to approve an accurate record for the determination of the appeal in the court above, has power to correct merely clerical errors and omissions. But to correct an error in a record already made is a radically different proceeding from making a change in a completed record. Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121; Keyser v. Farr, 105 U. S. 265, 26 L. Ed. 1025; Hovey v. McDonald, 109 U. S. 150, 3 S. Ct. 136, 27 L. Ed. 888; Aspen Mining & Smelting Co. v. Billings, 150 U. S. 31, 14 S. Ct. 4, 37 L. Ed. 986; Heitmuller v. Stokes, 256 U. S. 359, 41 S. Ct. 522, 65 L. Ed. 990; Citizens' Bank of Wichita v. Farwell, 56 F. 539, 6 C. C. A. 30; Midland Term. R. Co. v. Warinner (C. C. A.) 294 F. 185; St. Louis & S. F. R. Co. v. Loughmiller (D. C.) 193 F. 689; Lockman v. Lang, 132 F. 1, 65 C. C. A. 621; United States v. Clamp (D. C.) 292 F. 317; Morrin v. Lawler (C. C.) 91 F. 693; Fitzpatrick v. Graham, 119 F. 353, 56 C. C. A. 95; Clarke v. Eureka County Bank (C. C.) 131 F. 145, 146; Kendrick v. Roberts (D. C.) 214 F. 268; Cochran v. Becker (C. C. A.) 276 F. 280; Omaha Elec. Light & Power Co. v. City of Omaha, 216 F. 848, 133 C. C. A. 52; In re Gustin (D. C.) 281 F. 320; Sheeler v. Alexander (D. C.) 211 F. 544.

[6] What is now sought is no correction of an error or omission by the court, by the clerk or by any subordinate; the request is that the District Court should now take evidence of a fact entirely unknown to the court until long after the allowance of the appeal, should find that there were dealings between counsel the legal equivalent of the old-fashioned formal summons and severance; should ground thereon an order of severance, all nunc pro tunc, as of a former term, and prior to the allowance of the petition for appeal on July 1, 1926.

Obviously, on such a question, affidavits, even if admissible and sufficient in their assertions of facts, are not conclusive. It is open to the appellees to object to their admissibility, to their sufficiency, to insist that the affiants take the stand as witnesses and be subjected to examination and cross-examination in due course, to offer in contradiction evidence tending to show that no such conference between counsel was ever held, or if held, at some date after the allowance of the appeal. Otherwise stated, in principle, the motion seeks to have the District Court open and try the case, and determine, nunc pro tunc, any question which (if determined as of record nunc pro tunc in favor of the moving party) may be helpful to such party in the appellate court.

It is too plain for argument that what is here sought is, not to correct the record, but to change the record on what may be held a point vital to important rights, long after final decree and after the rights of parties may have accrued out of the proceedings in the appellate court.

This court has carefully read and considered all the cases cited by counsel for the petitioner, as well as many others. No case cited supports the proposition now urged.

Apparently Hays v. Wagner, 150 F. 533, 80 C. C. A. 275, is regarded by counsel for the committee as most nearly in point, a decision in the Sixth Circuit by Judges Lurton, Severens, and Richards.

This was an appeal from an order made December 26, 1905, adjudicating the appellant a bankrupt. When the case first came up, the transcript showed an entry of adjudication on July 14, 1905. This transcript was returned with a writ of certiorari, suggesting the diminution of the record and directing its correction and return.

The report does not indicate in what respects the record was directed to be corrected. When the case got back to the lower court the appellant (respondent below) moved for a nunc pro tunc entry setting aside the adjudication as of July 14, 1905, and entering the same as of December 26, 1905, "when the same was made." It thus appears

that the motion was simply to make, nunc pro tunc, the record conform to the actual, previously adjudicated fact. At the same time, on motion of the petitioners below (that is, the creditors), an additional nunc pro tunc order was made substituting the trustee in bankruptcy of one of the petitioning creditors. There was also another entry, made nunc pro tunc, which recited that on January 31, 1906, a paper purporting to be all the evidence, but not being all the evidence, was filed without the authority of the court:

"It is therefore ordered and adjudged by the court that said alleged statement of evidence be, and is, stricken from the record and files of this case, and that another and complete statement, which has been agreed to between the parties and approved by the court, be substituted therefor and ordered filed as of the said date."

The court said:

"The appellant objects to the additional nunc pro tunc entry thus made upon motion of the petitioners, insisting the court below could find no authority in the writ for such action. We think, if it was necessary, in order to show just what was done on December 26, 1905, when the order of adjudication was made, to make this additional nunc pro tunc entry, the court was warranted in doing so, and at the same time it had a right to correct the record by striking from it the paper purporting to contain all the evidence taken at the time of the adjudication, *which was filed without its authority, and inserting a complete statement thereof.* The writ directed the court below to correct and complete the record, and we must accept the record as it now stands as correct and complete."

This case lends no support to the proposition now urged upon this court.

It will be observed that the paper stricken out was not only improperly filed, but that the substitute was agreed to between the par-

ties. This falls very far short of being a new finding of facts on evidence by the District Court against the objection of the appellee. The only thing which does not appear to have been expressly or impliedly agreed to was the substitution of the trustee in bankruptcy of one of the creditors for the creditor himself, which could apparently be done in either court at any time, and which in any event did not affect the rights of the appellant.

In United States v. C. & A. R. R., 250 F. 101, 162 C. C. A. 273 (cited by the petitioner), all that was done by the District Court after the appeal was entered was to require the clerk to correct an omission in the entry of a judgment which had been, in fact, ordered by the District Court before the appeal was taken.

In Newton v. Gas Co., 265 U. S. 78, 44 S. Ct. 481, 68 L. Ed. 909, also relied upon, all that happened was that the Supreme Court reversed its order of dismissal when its attention was directed to the fact that by a statute of New York the supposedly absent defendant, the Public Service Commission, had been abolished. Clearly, its absence by death would not invalidate an appeal; and the court took judicial notice of the statute when its attention was directed to it.

In every case when, after appeal allowed, the District Court has made any order, such order will be found to be merely in aid of the presentation to the court above of the true record on which the court below based the decree or decrees appealed from; no case is found in which the District Court has on new evidence made new findings and new orders based thereon.

If, as the committee contend, their appeal is valid, their case is not in this court, and this court has no jurisdiction to receive evidence, make new findings, and enter orders based thereon. This and all other questions are for the Circuit Court of Appeals, and not for this court.

Petition denied.