## DORAN, Prohibition Commissioner, et al. v. CHARLES D. KAIER CO., Inc.

### No. 4595.

Circuit Court of Appeals, Third Circuit.

Feb. 29, 1932.

On Rehearing Aug. 1, 1932.

Edward W. Wells, U. S. Atty., and R. H. Woolsey, and Edward C. Dougherty, all of Philadelphia, Pa., for appellants.

B. I. De Young and N. S. Winnet, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a decree of the District Court directing the federal prohibition administrator to renew the permit of the Charles D. Kaier Company, Inc., to operate a cereal beverage plant during 1930. The administrator obeyed the decree and appealed to this court.

He says that the court erred in holding that his failure to issue a citation for the revocation of the permit immediately after the discovery of a violation prevented him from using the evidence of the violation as a bar to the approval of a subsequent application for renewal of the permit and in holding that the action of the administrator in refusing to renew the permit was wholly unsupported by evidence.

The District Court was of the opinion that the administrator could not refuse to renew the permit for 1930 upon evidence of violations discovered in 1929, for the reason that the administrator had failed to move immediately to revoke the permit for 1929 for the violations of its terms. This holding was based on the principle of Pennington v. Walter, 29 F.(2d) 912 (C. C. A. 3).

But in the Walter Case this court held that section 9 of title 2 of the National Prohibition Act (27 USCA § 21) required the prohibition administrator to begin proceedings for the revocation of the permit immediately, that is, promptly under the circumstances, after he had discovered that the holder was violating the terms of the permit or had reason to believe that he was not in good faith conforming to the provisions thereof. The present proceeding, however, relates to the renewal of a permit, and not to the revocation of an unexpired permit.

Section 6, title 2, of the National Prohibition Act (27 USCA § 16), provides that "no permit shall be issued to any person who within one year prior to the application therefor or issuance thereof shall have violated the terms of any permit issued under this chapter or any law of the United States or of any State regulating traffic in liquor." When both sections are considered, it is obvious that section 9 of the act does not apply to the renewal of a permit but only to its revocation. Therefore Pennington v. Walter is not controlling in this case.

The other question in the case is whether or not the action of the administrator in refusing to renew the permit was unsupported by the evidence.

The applicant pointed out that it has been in the brewery business for twenty years or more, and, from the time that prohibition became effective, it has been given a permit without question.

This fact is entitled to considerable weight which undoubtedly the administrator would have given to it, but for the fact that the evidence shows that the controlling interest in the brewery has recently passed into hands unwilling to conform in good faith to the terms of the permit. "Every permittee applying for a renewal has the burden of establishing his fitness." Campbell v. Galeno Chemical Co., 281 U. S. 599, 609, 50 S. Ct. 412, 415, 74 L. Ed. 1063. But the officers of the applicant were unable to, or at least did not, testify to a single fact that tends to throw light upon the nature, extent, and methods of conducting their business.

The agents of the Prohibition Bureau visited the plant and found the applicant's employees rolling kegs on skids from the racking room of the brewery to a blacksmith shop across the way. The employees ran on seeing the agents. An agent found that the skids led to a pit which was connected with a cellar under the shop. Voices and the odor of beer came from the cellar. The agent immediately went to obtain assistance, and, on returning, found the pit covered by a steel plate, the shop locked, and admittance refused. The next day they were again refused a view of the cellar, and finally, upon securing a search warrant, found that the pit leading to the cellar had been closed with fresh concrete. The cellar bore evidence that it had been used as a "drop" from which illegal beer might be disposed of.

Likewise certain ex parte affidavits were brought before the administrator tending to show that illegal beer had been carried from the brewery to "drops" about the city. At least one of the affidavits was corroborated by finding the beer in the place pointed out. The applicant has attacked these affidavits as to their validity, and obtained other affidavits by the same parties to show that they were not credible. Both the regulations of the Treasury Department and the authorities permit the administrator to consider such affidavits. Ossam v. Moss (D. C.) 44 F.(2d) 845, 846; Yudelson v. Andrews (C. C. A.) 25 F.(2d) 80, 83.

It cannot be said that there was no evidence to support the administrator's conclusion. Therefore he did not act arbitrarily or capriciously. The applicant has failed to bear the burden in showing that it was a fit person further to hold a permit.

The decree of the District Court is reversed.

### On Rehearing.

This case is before us on petition for reargument.

The Charles D. Kaier Company had been in the brewery business for many years before national prohibition came into existence. When the act took effect, the company obtained a permit to manufacture cereal beverages and secured a permit every year thereafter until 1930 for which a permit was refused by the prohibition administrator. The District Court on review ordered the administrator to issue a permit for that year. On appeal, we reversed the order of the District Court, but we did not pass upon the motion to dismiss the appeal for want of a necessary and indispensable party. Accordingly we granted a reargument.

The suit in the District Court was by Charles D. Kaier Company, Inc., v. James M. Doran, Prohibition Commissioner of the United States and Samuel O. Wynne, Federal Prohibition Administrator for the Eastern District of Pennsylvania. The United States marshal for the District of Columbia served process upon Commissioner Doran, and the marshal for the Eastern District of Pennsylvania served Samuel O. Wynne, who appeared, but Commissioner Doran did not appear, at the hearing. The following decree was entered against both James M. Doran and Samuel O. Wynne:

"And Now, to wit: this twenty-ninth day of December, 1930, this cause came on to be heard at this term and was argued by counsel, and thereupon, upon consideration thereof, it was Ordered, Adjudged and Decreed as follows, viz.:

"1. That the bill of review be sustained, and that the order of the defendants, James M. Doran and Samuel O. Wynne, in refusing complainant, Chas. D. Kaier Company, Inc., a permit to manufacture cereal beverage under the National Prohibition Act be and hereby is reversed.

"2. That the said defendants are herewith directed and ordered to issue to the complainant, Chas. D. Kaier Company, Inc., a permit to manufacture cereal beverage under the National Prohibition Act for the balance of the year 1930 and the calendar year 1931."

Samuel O. Wynne alone appealed, and the appellee moved to dismiss the appeal because Commissioner Doran was not joined therein.

The case at bar arose under the Act of March 3, 1927 (5 USCA § 281 et seq.), which conferred the rights, powers, and duties regarding prohibition, theretofore exercised by the Commissioner of Internal Revenue, upon the Secretary of the Treasury with authority in him to confer such rights, powers, and duties upon the Commissioner of Prohibition. These were conferred upon the Commissioner by the order of April 1, 1927, so that he at the time this suit was begun exercised the rights, duties, powers and privileges which before vested in the Commissioner of Internal Revenue.

Samuel O. Wynne, when this suit was in progress below was Prohibition Administrator. As such he was subordinate to and a mere agent of the commissioner, under whose

direction he acted and performed such duties as were committed to him. His acts were those of the commissioner, who in fact was the necessary and principal party defendant. If he had not been made a party defendant, the bill of complaint could have been dismissed for that reason. Chamberlain v. Lembeck (C. C. A.) 18 F.(2d) 408; Gnerich v. Rutter, Prohibition Director, 265 U. S. 388, 44 S. Ct. 532, 68 L. Ed. 1068. He was properly and necessarily made a party defendant. The decree was entered against him, and so he should have joined in the appeal unless there had been an order of severance excluding him from the case.

█ It is a well-settled rule that where there is a joint judgment or decree, all parties against whom the decree is entered must join in the appeal unless there has been severance, excluding those who refuse, or fail to join, or the appeal will be dismissed. Masterson v. Herndon, 10 Wall. (77 U. S.) 416, 19 L. Ed. 953; Parker v. New England Oil Corporation (D. C.) 15 F.(2d) 236; American Baptist Home Mission Society v. Barnett (C. C. A.) 26 F.(2d) 350.

He was not joined in the appeal and there was no severance. It follows that the decree of the District Court must be affirmed and the appeal dismissed.